NUMBER 13-00-685-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 

LAURIE R. HAMLETT, Appellant,
v.


EVELYN HOLCOMB, INDIVIDUALLY AND 

D/B/A THE REAL ESTATE COMPANY, Appellee.


On appeal from the County Court At Law No. 4 

of Hidalgo County, Texas.


O P I N I O N


Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Chief Justice Valdez



Appellant, Laurie R. Hamlett, who was selling her home, sued her listing broker, Evelyn Holcomb, Individually and d/b/a/
The Real Estate Company ("Holcomb"), and a prospective purchaser, Ricardo V. Soto, when Soto failed to obtain financing
and terminated his contract to purchase appellant's home. The trial court granted Holcomb's motion for summary judgment
against appellant, and this appeal ensued. We affirm the judgment of the trial court.

Background

Appellant brought suit against Holcomb and Soto as a result of the failed contract for the purchase of her home. In
appellant's original petition, she alleged that, at all times during the sales transaction with purchaser Soto, "Defendant
Holcomb was the representative of the Plaintiff and owed Plaintiff a fiduciary duty." The petition further alleged that:

Defendant Soto breached the contract and refused to close the transaction as provided in the contract. Defendant Holcomb
encouraged Defendant Soto in this breach and tried to persuade Plaintiff to allow the breach to take place without any
compensation to Plaintiff. These actions on the part of Holcomb constitute tortious interference in Plaintiff's contract with
Soto and breach of fiduciary duty.

Holcomb counterclaimed against appellant for, inter alia, attorney's fees under the listing agreement, which provided for
the award of attorney's fees to the prevailing party in any legal proceeding resulting from transactions related to the listing.
Appellant answered, and asserted her own "counterclaim" against Holcomb pursuant to rule 13 of the Texas Rules of Civil
Procedure, claiming that "the allegations contained in the counterclaim filed by [Holcomb] are groundless, made in bad
faith and for the purposes of harassment." See Tex. R. Civ. P. 13 (allowing sanctions for groundless pleadings). Appellant
sought judgment for attorney's fees and costs of defending against the counterclaim.

Holcomb's motion for summary judgment asserts that, prior to closing, Soto repudiated the earnest money contract when he
lost his job and his lenders refused to loan him the necessary money to complete the transaction. According to the earnest
money contract, Soto was allowed to terminate the contract if his financing failed, and if so, the earnest money was to be
refunded to him. Thus, Holcomb moved for summary judgment on grounds that: (1) all of appellant's claims arose from the
failed sale to Soto, (2) appellant failed to produce any evidence of her claimed damages despite being sanctioned for failing
to do so, (3) appellant later sold her house for the same price as that provided in the failed earnest money contract with
Soto, thus abrogating any claim for damages, (4) any damages were the result of contractually excused behavior given that
Soto was not obligated to comply with the earnest money sales contract because his financing failed, and (5) any liability on
the part of Holcomb was merely derivative of liability on the part of Soto, and Soto was not liable. Holcomb attached and
incorporated summary judgment evidence, including, among other items, the earnest money contract, the listing agreement
between appellant and Holcomb, the motion for summary judgment filed by co-defendant Soto, and appellant's deposition
testimony wherein she admitted each of her causes of action against Holcomb stemmed entirely from the failed sale to
Soto. Holcomb sought a "take nothing" judgment on all of appellant's claims against her. The trial court granted judgment
in favor of Soto and Holcomb, and awarded attorney's fees and court costs to Holcomb.

Appellant raises two issues on appeal: (1) the trial court committed reversible error by granting appellee's motion for
summary judgment on appellant's cause of action for breach of fiduciary duty; and (2) the trial court erred by granting a
summary judgment on all issues when there was no summary judgment evidence to show that appellant's rule 13
counterclaim should be denied as a matter of law.

Traditional or No Evidence Motion for Summary Judgment 


When reviewing a summary judgment, an appellate court must first determine whether the trial court granted the summary
judgment on traditional or "no evidence" grounds. Compare Tex. R. Civ. P. 166a(c) (regarding traditional summary
judgment)with Tex. R. Civ. P. 166a(i) (regarding no evidence summary judgment). This is a critical distinction that must
be made in order to avoid improperly shifting the burden of proof. See Michael v. Dyke, 41 S.W.3d 746, 750-51 n.3 (Tex.
App.-Corpus Christi 2001, no pet.). When it is not readily apparent to the trial court that summary judgment is sought
under rule 166a(i), the appellate court will presume that the motion is filed under the traditional summary judgment rule
and analyze it accordingly. See id.

In the instant case, it is not readily apparent that Holcomb's motion for summary judgment was premised on no evidence
grounds. Portions of the motion read as a "no evidence" motion:

As Plaintiff has produced no documentary evidence of her claimed damages, Defendant Holcomb should be granted
judgment that Plaintiff take nothing on such claims underlying her unsupported claims for damages.

Plaintiff has the burden to produce evidence supporting her claims, and she has produced none, either in response to
Defendant Holcomb's discovery, in response to Soto's Motion For Summary Judgment, or in response to this Motion for
Summary Judgment. Defendant Holcomb seeks, and is entitled to, a "no evidence" summary judgment on all Plaintiff's claims.

However, despite the foregoing language, the motion attaches and incorporates summary judgment evidence, requests
summary judgment on Holcomb's affirmative claim for attorney's fees, and asserts that appellant's claims against Holcomb
are legally barred. All of these factors are indicative of a motion for summary judgment premised on traditional grounds. 
We therefore review the summary judgment under the traditional standard of review. Id. 

In a traditional summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and
that it is entitled to judgment as a matter of law. Am. Tobacco Co., v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). In
deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true. Id. Every reasonable inference must be indulged in favor of the nonmovant, and any
doubts must be resolved in favor of the nonmovant. Id.

The record before us fails to contain any indication that Hamlett filed a response to Holcomb's motion for summary
judgment. However, the nonmovant has no burden to respond to a summary judgment motion unless the movant
conclusively establishes its cause of action or defense. M.D. Andersen Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23
(Tex. 2000). A motion for summary judgment must stand on its own merits. See id. Accordingly, the nonmovant need not
respond to the motion to contend on appeal that the movant's summary judgment proof is insufficient as a matter of law to
support summary judgment. Id.; Rhone Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). According to the summary of appellant's argument, "fact issues
existed concerning the breach of fiduciary duty claim, and the Rule 13 claim," and, because Holcomb's motion for summary
judgment did not "specifically address" appellant's Rule 13 claim, summary judgment should have been denied. These are
attacks on the legal sufficiency of the summary judgment, and we will review the judgment accordingly.

Analysis


Our analysis of the summary judgment begins with an examination of the earnest money contract between appellant and
Soto. This contract is unambiguous. See R&P Enters. v. LaGuarta, Gavrel & Kirk, Inc., 596 S.W.2d 517, 518 (Tex.
1980)(ambiguity of contract is question of law for court to decide). Under the express terms of the contract, Soto was
entitled to repudiate the contract if his financing failed. According to the uncontradicted summary judgment evidence,
Soto's lender refused to loan him the money necessary to purchase appellant's home. We conclude that, as a matter of law,
Soto did not breach the contract. See Heritage Res., Inc. v. NationsBank, 939 S.W.2d 118, 121 (Tex. 1996)(an
unambiguous contract will be enforced as written). All of appellant's claims against Holcomb are grounded solely on the
theory that Soto breached the earnest money contract to purchase appellant's home. Because appellant premised her breach
of fiduciary duty claim and tortious interference claim on Soto's alleged breach of contract, our conclusion on the contract
issue necessarily disposes of appellant's claims against Holcomb. See Lopez v. Munoz, Hockema & Reed, L.L.P., 22
S.W.3d 857, 862 (Tex. 2000) (failure of a claim for breach of contract necessarily defeated claim for breach of fiduciary
duty that depended on breach of contract); see Ernst & Young L.L.P. v. Pac. Mut. Life Ins. Co., 51 S.W.3d 573, 583 (Tex.
2001) (failure of a claim for fraud necessarily defeated dependent conspiracy and "aiding and abetting" claims).

Appellant alleges that Holcomb's motion for summary judgment failed to encompass or address appellant's counterclaim
against Holcomb. As discussed earlier, appellant asserted a "counterclaim" against Holcomb, claiming that "the allegations
contained in the counterclaim filed by [Holcomb] are groundless, made in bad faith and for the purposes of harassment." 
Appellant sought to recover her attorney's fees and costs of defense. 

As an initial matter, we note that the judgment in this case states with unmistakable clarity that it is a final judgment as to
all claims and all parties. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 192-93 (Tex. 2001). Further, the motion for
summary judgment expressly references "Plaintiff's live pleadings," and thus encompasses appellant's counterclaim. 
Moreover, by awarding attorney's fees to Holcomb, the trial court found Holcomb's counterclaim to be meritorious and not
groundless, and thus, in effect, denied appellant's "counterclaim" against Holcomb. See Tex. R. Civ. P. 13. 

We overrule each of appellant's issues on appeal, and conclude that the trial court properly granted summary judgment in
favor of Holcomb. The judgment of the trial court is affirmed.

_____________________

ROGELIO VALDEZ

Chief Justice



Publish.

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 21st day of February, 2002.