NUMBER 13-03-052-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

HECTOR MORON, D/B/A DIVERSCO,                                       Appellant,

v.

COMPUTER CURRICULUM CORPORATION,                           Appellee.
                                                                                                                                      

On appeal from the 275th District Court of Hidalgo County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Garza
 
          Appellant, Hector Moron d/b/a Diversco, appeals from the trial court’s order granting
summary judgment in favor of appellee, Computer Curriculum Corporation (“CCC”). Moron
filed suit against CCC alleging negligence, tortious interference with contractual relations,
conspiracy, and violation of the Texas Deceptive Trade Practices Act. On appeal,
appellant asserts that the trial court erred by: (1) striking Moron’s summary judgment
evidence; (2) granting CCC’s no-evidence summary judgment motion; and (3) granting
CCC’s traditional summary judgment motion. We affirm.
I. Summary of Facts
          On November 24, 1998, Moron was awarded a contract in the amount of
$1,497,490 for the sale of 1,000 computers to the Edcouch-Elsa Independent School
District. At the time, CCC, a software vendor, licensed an educational program called
SuccessMaker to the school district. After Moron was awarded the contract, the school
district requested that he forward an exemplar computer to CCC for compatibility testing. 
CCC determined that the computer provided by Moron was incompatible with its software. 
On January 13, 1999, CCC notified the school district that a PCI 128 SoundBlaster card
would have to be installed to enable the computers provided by Moron to run
SuccessMaker.
          By this time, Moron had already delivered three hundred computers to the school
district. Moron agreed to install the PCI 128 card on the remaining seven hundred
computers, but insisted that the school district bear the cost of replacing the soundcards
for the three hundred computers already shipped. Moron also sent three different
soundcards to CCC for compatibility testing. On February 10, 1999, CCC sent Moron the
results of these tests, which found that two cheaper varieties of soundcard did not allow
the computers to run CCC’s software, but once again verified that a PCI 128 card, the CT-4700, was compatible. Ultimately, the school district rescinded its contract with Moron. 
Moron alleges that the school district rescinded the contract as a direct result of CCC’s
actions, giving rise to the claims underlying this suit. 
          CCC moved for summary judgment on no-evidence and traditional grounds. The
order granting CCC’s motion failed to specify the grounds on which summary judgment
was granted.
II. Evidence
          By his first issue, Moron complains that the trial court erred in striking his summary
judgment evidence. Moron submitted several items as attachments to his response to
CCC’s motions for summary judgment, which were struck by the trial court.
          It is unnecessary for this Court to reach this issue since, as we conclude below,
Moron would not succeed in his challenge to the summary judgment motion had his
evidence been admitted. See Tex. R. App. P. 47.1. Also, several documents which he
asserts were unfairly stricken do not relate to his defense of the summary judgment action
against him and thus do not require further discussion. See id.
III. No-evidence Motion for Summary Judgment
          CCC filed a no-evidence motion for summary judgment on all causes of action
alleged by Moron. By his second issue on appeal, Moron argues that the trial court erred
in granting CCC’s no-evidence motion for summary judgment. As an initial matter, Moron
argues that the trial judge should have construed CCC’s no-evidence summary judgment
motion as a traditional motion for summary judgment. Moron asserts that CCC’s no-evidence motion for summary judgment failed to strictly comply with rule 166a(i) of the
Texas Rules of Civil Procedure because CCC incorporated evidence into it by reference.
          Due to the substantially lower burden of proof on the movant in a no-evidence
motion for summary judgment, this Court is aware of the possibility of ambiguously or
deceptively labeled no-evidence motions blind-siding unsuspecting litigants. See Michael
v. Dyke, 41 S.W.3d 746, 751 (Tex. App.–Corpus Christi 2001, no pet.). To prevent such
confusion, a better practice is to either file two separate motions, or to clearly delineate
between the two motions in a single filing. Id.
          CCC complied with this Court’s recommendation by filing two separate summary
judgment motions. CCC’s no-evidence summary judgment motion was clearly labeled as
“Defendant Computer Curriculum Corporation’s No-evidence Motion for Summary
Judgment.” Furthermore, CCC properly enumerated the specific elements upon which it
claimed there was no-evidence such as to raise a genuine issue of material fact, pursuant
to rule 166(i). See Tex. R. Civ. P. 166a(i).
          Moron’s claim that CCC’s incorporation by reference of evidence contained in CCC’s
summary judgment motion transformed the no-evidence motion into a traditional motion
for summary judgment is without merit. As the Texas Supreme Court has held, the mere
existence of evidence in a no-evidence summary judgment is not sufficient to allow the
court to disregard the motion. See Binur v. Jacobo, 135 S.W.3d 646, 651 (Tex. 2004) (if
no-evidence motion attaches evidence, that evidence shall not be considered but motion
should not be disregarded or treated as traditional motion).
          Turning to the primary point in contention under his second issue, Moron asserts
that the trial court should not have granted CCC’s no-evidence summary judgment motion
because he produced at least a scintilla of evidence supporting liability for each claim he
has alleged. 
          Upon appellate review, a no-evidence motion is treated under the same legal
sufficiency standard as a pre-trial directed verdict. Branton v. Wood, 100 S.W.3d 645, 646
(Tex. App.–Corpus Christi 2003, no pet.); see also Tex. R. Civ. P. 166a(i). The evidence
is to be reviewed, as in a traditional summary judgment motion, “in the light most favorable
to the nonmovant, disregarding all contrary evidence and inferences.” Branton, 100
S.W.3d at 646; KMPG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746,
748 (Tex. 1995). A trial court’s ruling should be affirmed if any of the theories advanced
in the relevant motion are meritorious. State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d
374, 380 (Tex. 1993).
          In a no-evidence summary judgment motion, the movant must assert that there is
no evidence of an essential element of a particular claim or defense which the nonmovant
would have the burden of proving at trial. Branton, 100 S.W.3d at 647. By definition, the
movant does not produce any evidence. Tex. R. Civ. P. 166a(i). Rather, the nonmovant
must produce sufficient evidence to raise a genuine issue of material fact as to the
challenged elements. Id.; Branton, 100 S.W.3d at 647. Any quantum of evidence greater
than a scintilla is considered sufficient to raise a genuine issue of material fact. Branton,
100 S.W.3d at 647. More than a scintilla of evidence exists when the proffered evidence
“would enable reasonable and fair-minded people to differ in their conclusions.” Id. 
Conversely, less than a scintilla of evidence exists when the proffered evidence merely
“create[s] a . . . surmise or suspicion of a fact” as to the material elements. Id. 
Negligence
          Moron alleged CCC was negligent because cheaper alternative soundcards existed
that would have been equally compatible in Moron’s computers.


 In order to recover under
a theory of negligence, Moron must establish that CCC owed him a duty, the breach of
which proximately caused his injury. Southwest Key Program v. Gil-Perez, 81 S.W.3d 269,
273-74 (Tex. 2002). Proximate cause incorporates two elements: foreseeability and cause
in fact. Id. at 274. The test for foreseeability is whether a person of ordinary intelligence
would have anticipated the danger his negligence creates. Id. To establish cause in fact,
or “but for” causation, a party must show that the other party’s “negligence was a
substantial factor in bringing about [the] injury and without which no harm would have been
incurred.” Id. While examining the record to determine if there is sufficient evidence of
causation, we must view the evidence in a light that tends to support the finding of
causation and disregard all evidence and inferences to the contrary. Id.; see Bradford v.
Vento, 48 S.W.3d 749, 754 (Tex. 2001). 
           In his attempt to provide more than a scintilla of evidence establishing proximate
cause, Moron points to three items: (i) CCC’s approval of a “different” soundcard that
could be installed in Moron’s computers; (ii) Moron’s claim in his own affidavit that a
different soundcard would suffice; and (iii) a web page of specifications for systems
capable of running CCC’s software. 
          Moron claims that CCC’s report stating a CT-4700 soundcard passed compatibility
testing demonstrates that there is an alternative soundcard. However, the evidence shows
that the CT-4700 is actually a model of the PCI 128 soundcard. In the testing report, the
soundcard is described as “Creative Technologies, Ltd. model CT-4700 PCI 128
SoundBlaster.” The report also notes “Vendor supplied three [soundcards]: CT-4520, CT-4670 and the PCI 128 (CT-4700)” and elsewhere refers to the soundcard in question as
both the PCI 128 and CT-4700. 
          Insofar as Moron’s affidavit asserts that the CT-4700 represents an alternate
compatible soundcard, he is incorrect. A party must do more than assert factually-unsupported conclusions in order to raise a genuine issue of fact and must provide
admissible evidence having probative force in order to defeat the motion. See Alvarado v.
Old Republic Ins. Co., 951 S.W.2d 254, 261 (Tex. App.–Corpus Christi 1997, writ denied). 
Moron’s claim that non-PCI 128 cards were compatible is thus not competent summary
judgment evidence because it lacks probative force. See id. It is also not a statement
made from personal knowledge, as Moron has failed to conduct any tests for compatibility
and has instead relied on his erroneous interpretation of test results published by CCC. 
See Tex. R. Civ. P. 166a(f).
          Moron also asserts that CCC’s own website lists hardware specifications that require
less than a PCI 128 soundcard. The information contained in the website printout is
equally non-probative. The specifications listed in the page are clearly only applicable to
the certified hardware companies listed at the top of the page: Dell, Apple, and Compaq. 
The computers provided by Moron were produced by a clone manufacturer, not one of the
name brand manufacturers.
           As Moron has failed to produce competent evidence of proximate cause sufficient
to establish negligence, the trial court’s decision to grant the no-evidence motion for
summary judgment on the ground of negligence is affirmed.
Tortious Interference
          Moron also argues that the trial court erroneously granted the no-evidence motion
with regard to tortious interference. In his petition, Moron alleges that CCC tortiously
interfered with a contract between himself and the school district. To establish a claim for
tortious interference with a contract, one must prove: (i) the existence of a contract subject
to interference; (ii) a willful and intentional act of interference; (iii) the act was a proximate
cause of plaintiff’s damages; and (iv) actual damages or loss. Tex. Beef Cattle Co. v.
Green, 921 S.W.2d 203, 210 (Tex. 1996). 
          Moron supports his claim that CCC engaged in a willful and intentional act of
interference because the school district breached its contract after a “unilateral decision
by CCC to require [Moron] to place a particular sound card in its computers” (emphasis in
original). Moron, however, has provided no admissible evidence that actually supports
such a proposition and relies again on the conclusory statements in his own affidavit. He
is mistaken on two grounds: (1) as the CT-4700 was a PCI 128 soundcard, there is no
evidence of any other soundcard passing the compatibility test; and (2) CCC did not
require use of PCI 128 soundcards specifically, but rather noted that of the soundcards
tested, only the PCI 128 would be compatible. As Moron provided no evidence of CCC’s
willful and intentional act of interference, we conclude that the trial court did not err in
granting summary judgment for CCC on Moron’s tortious interference claim. 
Conspiracy
          Moron further alleges that the trial court improperly granted CCC’s no-evidence
summary judgment motion with respect to Moron’s civil conspiracy claim. To establish a
claim for civil conspiracy, a plaintiff must prove the existence of: (i) two or more persons;
(ii) an object to be accomplished; (iii) a meeting of the minds of the object between the
persons; (iv) one or more unlawful, overt acts; and (v) damages as a proximate result. 
Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983); see Ernst & Young, L.L.P.
v. Pac. Mut. Life Ins. Co., 51 S.W.3d 573, 583 (Tex. 2001). It also requires evidence of a
specific intent to agree to accomplish an unlawful purpose or to accomplish a lawful
purpose by unlawful means. Juhl v. Airington, 936 S.W.2d 640, 644 (Tex. 1996). 
          Moron offers a timeline as evidence of a “meeting of the minds” between CCC and
the school district. This timeline shows that CCC informed the school district that in order
to operate its software, the computers provided by Moron would have to be equipped with
a different soundcard. The school district then requested that Moron install new
soundcards on the computers he had already delivered and, after his refusal, rescinded
the contract. While this information might constitute more than a scintilla of evidence that
the school district decided to rescind its contract as a result of CCC’s tests, such
information does nothing to establish specific intent by CCC and the school district to
accomplish any unlawful purpose. See Juhl, 936 S.W.2d at 644. We therefore conclude
that the trial court did not err in granting CCC’s motion for summary judgment on Moron’s
civil conspiracy claim. 
Business Disparagement
          Moron alleges that the trial judge improperly granted CCC’s no-evidence summary
judgment motion with respect to Moron’s business disparagement claim. The essential
elements for establishing a claim of business disparagement are: (i) publication of
disparaging words by the defendant; (ii) falsity; (iii) malice; (iv) lack of privilege; and (v)
special damages. See Halbut v. Gulf Atl. Life Ins. Co., 749 S.W.2d 762, 766 (Tex. 1987);
Allied Capital Corp. v. Cravens, 67 S.W.3d 486, 492 (Tex. App.– Corpus Christi 2002, no
pet.). 
          We have determined that Moron failed to produce any evidence of an alternate
compatible soundcard. There is also no evidence in the record to show that CCC made
any false statements that disparaged Moron’s business. See Allied, 67 S.W.3d at 492-93. 
Accordingly, as Moron has failed to establish the element of falsity, the trial court did not
err in granting summary judgment for CCC on this claim.
Deceptive Trade Practices Act
          Moron argues that the trial judge improperly granted CCC’s no-evidence summary
judgment motion with respect to Moron’s deceptive trade practices claim. Moron alleges
that CCC violated the Texas Deceptive Trade Practices Act, see Tex. Bus. & Com. Code
Ann. § 17.46 (Vernon 2002), by: (i) falsely representing that CCC would properly test
Moron’s computer; (ii) breaching both express and implied warranties that CCC would
perform its testing in a workmanlike manner; (iii) misrepresenting the standard of CCC’s
services; (iv) disparaging the goods, services or business of Moron by false or misleading
representations, and (v) acting unconscionably. 
          CCC’s motion alleged that there was no evidence on any of these claims. We
agree. There is no evidence in the record to suggest that CCC failed to properly test
Moron’s computer, that any warranties were breached, that the standard of services were
misrepresented, or that CCC made any false or misleading statements regarding Moron’s
computers. Thus, we conclude that CCC did not act unconscionably and the trial court did
not err in granting CCC’s no-evidence summary judgment motion on deceptive trade
practices grounds.
          Having affirmed all elements of the trial court’s decision to grant CCC’s no-evidence
motion for summary judgment, we overrule Moron’s second issue.  
IV. Traditional Motion for Summary Judgment
          By his third issue, Moron argues that the trial court erred in granting CCC’s
traditional motion for summary judgment. CCC’s traditional motion relied on the same
grounds as the no-evidence motion but included evidence in support of its claims.           We review the granting of a traditional motion for summary judgment de novo. See
Natividad v. Alexsis, Inc. 875 S.W.2d 695, 699 (Tex. 1994); Tex. Commerce Bank Rio
Grande Valley v. Correa, 28 S.W.3d 723, 726 (Tex. App.–Corpus Christi 2000, pet.
denied). The moving party has the burden of showing that there is no genuine issue of
material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166 a(c);
Branton, 100 S.W.3d at 646. If the movant’s summary judgment motion and proof facially
establishes its right to judgment as a matter of law, the burden shifts to the non-movant to
raise a material fact issue sufficient to defeat summary judgment. See City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). 
          We have affirmed the trial court’s decision to grant CCC’s no-evidence motion for
summary judgment. If Moron has failed to raise a quantum of evidence greater than a
scintilla sufficient to defeat CCC’s no-evidence claim, see Branton, 100 S.W.3d at 646, he
has clearly also failed to raise an issue of material fact sufficient to defeat CCC’s traditional
summary judgment motion. See City of Houston, 589 S.W.2d at 678. Accordingly,
Moron’s third issue is overruled. 
          The decision of the trial court is affirmed.  
                                                                                     _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
Memorandum Opinion delivered 
and filed this the 12th day of August, 2004.