

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00769-CV

Alberto **ORTIZ**, Trustee of the Rolando Rafael Saenz Trust and as Limited Partner of Las Blancas Minerals, L.P., and Rolando Rafael Saenz, as Limited Partner of Las Blancas Minerals, L.P.,
Appellants

v.

**LAS BLANCAS MINERALS, L.P.**, Pedro I. Saenz, Jr., Maria Graciela Saenz Martinez, San Pedro Minerals, L.P., Saenz Management Co., L.L.C., and Las Blancas Investments, L.P.,
Appellees

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2015CVQ002991D3
Honorable Rebecca Ramirez Palomo, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Rebeca C. Martinez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed: February 19, 2020

AFFIRMED

The Rolando Rafael Saenz Trust is a limited partner in Las Blancas Minerals, L.P. Alberto Ortiz, trustee of the Rolando Rafael Saenz Trust, and Rolando Rafael Saenz (collectively, "Appellants") sued Las Blancas Minerals, L.P., Pedro I. Saenz, Jr., Maria Graciela Saenz Martinez, San Pedro Minerals, L.P., Saenz Management Co., L.L.C., and Las Blancas Investments, L.P. (collectively, "Appellees") for breach of the partnership agreement, conversion, fraud, and breach of the duty of loyalty and the duty of care. Appellants also sought an accounting. Each of the

Appellees, excluding Las Blancas Investments, L.P. and Las Blancas Minerals, L.P., is a general partner in Las Blancas Minerals, L.P. Appellees filed a no-evidence and traditional motion for summary judgment, which the trial court granted. On appeal, Appellants contend Appellees were not entitled to summary judgment. We affirm.

## BACKGROUND

Maria del Refugio M. De Saenz and Pedro I. Saenz, Sr. gifted tracts of land in Webb and Zapata counties to their four adult children: Pedro I. Saenz, Jr., Maria Graciela Saenz Martinez, Rolando Rafael Saenz, and Maria del Refugio S. Pena. The parents retained some real estate holdings. In 1979, the family formed Las Blancas Minerals, L.P. and executed a partnership agreement. The parents and their adult children each deeded their respective surface and mineral interests in their real property holdings in Webb and Zapata counties to Las Blancas Minerals, L.P. in exchange for equal partnership interests in Las Blancas Minerals, L.P. Each of the four adult children was given an additional partnership interest to hold as trustees for their minor children.

At some point in 1991, the Rolando Rafael Saenz Trust was created. Around the same time, the individual partnership interest of Rolando Rafael Saenz ("Rolando") was transferred into the Rolando Rafael Saenz Trust. The Rolando Rafael Saenz Trust is presently a limited partner in Las Blancas Minerals, L.P.

In 2015, Appellants sued Appellees for breach of the Las Blancas Minerals, L.P. partnership agreement, conversion, fraud, and breach of the duty of loyalty and the duty of care. Appellants alleged that the Appellees diverted partnership profits from the Rolando Rafael Saenz Trust and unlawfully distributed those profits to a non-partner entity, Las Blancas Investments, L.P. Appellants also alleged Appellees wrongfully exercised dominion and control over Rolando's individual partnership interest by transferring his partnership interest in Las Blancas Minerals, L.P. to the Rolando Rafael Saenz Trust without his consent. Appellants requested an accounting to

determine the extent of their losses.  Appellees moved for a no-evidence summary judgment on each of Appellants' claims.  Appellees also moved for a traditional summary judgment on the affirmative defenses of limitations, res judicata, collateral estoppel, and release.  The trial court granted both motions for summary judgment but did not specify the grounds upon which it relied. Appellants now appeal.

## STANDARD OF REVIEW

We review a trial court's grant of summary judgment de novo.  *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017).  If the trial court's order granting summary judgment does not specify the grounds relied upon for its ruling, we will affirm the judgment if any of the theories advanced are meritorious.  *Id.*  When a party moves for both a traditional and a no-evidence summary judgment, we first consider the no-evidence motion.  *Id.*

A party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial.  TEX. R. CIV. P. 166a(i).  Upon the filing of a no-evidence motion, the burden shifts to the nonmovant to produce "more than a scintilla of evidence which raises a genuine issue of material fact on each of the challenged elements." *Covarrubias v. Diamond Shamrock Ref. Co.*, 359 S.W.3d 298, 301 (Tex. App.—San Antonio 2012, no pet.).  More than a scintilla of evidence is defined as evidence that "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).  Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact.  *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Lightning Oil Co.*, 520 S.W.3d at 45. We will uphold a no-evidence summary judgment when:

> (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.

*King Ranch, Inc.*, 118 S.W.3d at 751. If the no-evidence motion was properly granted, we need not address the traditional motion for summary judgment. *See Lightning Oil Co.*, 520 S.W.3d at 45.

## DISCUSSION

### A. BREACH OF THE PARTNERSHIP AGREEMENT

A cause of action based on a breach of the partnership agreement requires showing: (1) the existence of a partnership agreement; (2) the plaintiffs performed or tendered performance; (3) a breach of the partnership agreement by the defendants; and (4) the plaintiffs were damaged as a result of the breach. *See Nguyen v. Hoang*, 507 S.W.3d 360, 376–77 (Tex. App.—Houston [1st Dist.] 2016, no pet.). In their motion for summary judgment, Appellees argued that there was no evidence of a breach of the partnership agreement or evidence of damages.

Appellants alleged Appellees breached the partnership agreement by distributing partnership profits to non-partner entities. In support of this contention, Appellants provided monthly distribution tables from the years 2011 to 2013. Appellants assert the monthly distribution tables show that partnership profits were diverted from the Rolando Rafael Saenz Trust's rightful share of the profits and instead distributed to a non-partner entity, Las Blancas Investments, L.P.

Appellants further alleged the amounts distributed to Las Blancas Investments, L.P. over the years 2011 to 2013 is evidence of damages.

Despite Appellants' assertions, there is nothing in the monthly distribution tables showing any amount of the partnership profits of Las Blancas Minerals, L.P. was diverted from the Rolando Rafael Saenz Trust and distributed to Las Blancas Investments, L.P. The monthly distribution tables list each partner's name, the total amount to be distributed for the month, each partner's ownership percentage, the amount to be distributed to each partner based on their ownership percentage, and the net paid to each partner. These tables also display a column titled "Capital Contribution to Las Blancas Investments" and the words "not partner" are displayed in parentheses next to the name Las Blancas Investments, L.P. in a separate column titled "Partner." The distribution tables show that five out of nine partners, none of which is the Rolando Rafael Saenz Trust, elected to make a capital contribution to Las Blancas Investments, L.P. each month, and that amount was then deducted from those five partners' respective shares for the month. The distribution tables show this deduction was made *after* all the partners were allocated their respective distribution amounts for the month. In fact, each distribution table shows that the Rolando Rafael Saenz Trust was credited a share of the partnership profits each month in accordance with its ownership percentage of 14.5%, and any capital contributions made to Las Blancas Investments, L.P. had no bearing on the amount of profits distributed and paid out to the Rolando Rafael Saenz Trust. Thus, the evidence does not raise a genuine issue of material fact whether partnership profits were diverted from Appellants' share of the profits and distributed to Las Blancas Investments, L.P. Further, the evidence does not raise a genuine issue of material fact whether the capital contributions paid out to Las Blancas Investments, L.P. from 2011 to 2013 damaged Appellants. Accordingly, the trial court properly granted Appellees' no-evidence motion for summary judgment as to Appellants' partnership-agreement claim.

## B. FRAUD

A fraud claim requires a plaintiff to show: (1) a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the defendant knew it was false or made the statement recklessly without any knowledge of the truth; (4) the defendant made the representation with the intent that the plaintiff should act on it; (5) the plaintiff acted in reliance on the representation; and (6) the plaintiff thereby suffered injury. *Moorehouse v. Chase Manhattan Bank*, 76 S.W.3d 608, 615 (Tex. App.—San Antonio 2002, no pet.) (citing *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998)). In their motion for summary judgment, Appellees alleged there was no evidence of a false and material misrepresentation or evidence of injury to Appellants.

Appellants alleged the partnership agreement is evidence of a false and material misrepresentation because it requires that partnership profits be distributed to the Rolando Rafael Saenz Trust in accordance with its respective ownership share. According to Appellants, the monthly distribution tables prove partnership profits were diverted from the Rolando Rafael Saenz Trust to a non-partner entity, Las Blancas Investments, L.P. Appellants further assert the amounts paid out to Las Blancas Investments, L.P. between 2011 and 2013 is evidence of injury. For the reasons discussed above, the Appellants' sole reliance on the monthly distribution tables as summary judgment evidence is fatal to their fraud claim. Accordingly, the trial court properly granted Appellees' no-evidence motion for summary judgment as to Appellants' fraud claim.

## C. BREACH OF THE DUTY OF LOYALTY AND CARE

The elements of a breach of fiduciary duty claim are: (1) the existence of a fiduciary relationship between the plaintiff and defendant; (2) the defendant's breach of the fiduciary duties arising from that relationship; and (3) the defendant's breach resulted in injury to the plaintiff or benefit to the defendant. *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet.

denied). Partners owe certain fiduciary duties to other partners within the partnership, such as the duty of loyalty and the duty of care. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 199 (Tex. 2002); *Nguyen*, 507 S.W.3d at 379.

Appellants alleged Appellees breached the duty of loyalty and the duty of care when they diverted partnership profits from the Rolando Rafael Saenz Trust and distributed those profits to Las Blancas Investments, L.P. Appellants have provided no evidence to prove vital elements of their breach of fiduciary duty claim because the monthly distribution tables do not show a diversion of profits from the Rolando Rafael Saenz Trust. Accordingly, the trial court properly granted Appellees' no-evidence motion for summary judgment as to this claim.

### D. CONVERSION

To establish a claim for conversion of personal property, a plaintiff must show: (1) the plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as owner of the property; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property. *Khorshid, Inc. v. Christian*, 257 S.W.3d 748, 758–59 (Tex. App.—Dallas 2008, no pet.).

Appellants contend that Appellees' no-evidence motion for summary judgment was defective because it failed to challenge a specific element of Appellants' conversion cause of action. We disagree.

A no-evidence summary judgment "motion must state the elements as to which there is no evidence." TEX. R. CIV. P. 166a(i). Although a no-evidence motion "must not be conclusory, such a motion is sufficiently specific if it asserts there is no evidence of a particular element of a claim or defense." *Gomez v. Am. Honda Motor Co.*, No. 04–16–00342–CV, 2017 WL 3159703, at *2 (Tex. App.—San Antonio July 26, 2017, pet. denied) (mem. op.) (citing *Timpte Indus., Inc. v.*

*Gish*, 286 S.W.3d 306, 310–11 (Tex. 2009)). The reason for the specificity requirement in no-evidence motions "is to provide the opposing party with adequate information for opposing the motion, and to define the issues for the purpose of summary judgment." *Timpte*, 286 S.W.3d at 311.

Appellants' petition sets forth the elements of a conversion action and, as to the second element, states, "Defendants wrongfully exercised dominion and control over [Rolando's] property by unlawfully selling, transferring, assigning, or substituting [Rolando's] interest, without [Rolando's] permission." Appellees' no-evidence motion states that Appellants could produce no evidence of a conveyance of Rolando's individual partnership interest in Las Blancas Minerals, L.P. and no evidence that Rolando's individual partnership interest had been sold, transferred, assigned, or substituted by Appellees without his permission. Appellants responded to Appellees' challenge and provided evidence that purportedly shows that Appellees had conveyed or transferred Rolando's individual partnership interest in Las Blancas Minerals, L.P. into the Rolando Rafael Saenz Trust without Rolando's permission.

We conclude that Appellees' no-evidence motion was sufficiently specific in challenging the second element of Appellants' conversion action. *See Timpte*, 286 S.W.3d at 311; *see also Gomez*, 2017 WL 3159703, at *2–3. Although Appellees' no-evidence motion failed to use the technical words of art associated with the second element of a conversion claim, it was not a conclusory motion or a general no-evidence challenge. *See Timpte*, 286 S.W.3d at 311. Appellants had adequate information for opposing the motion, and in fact, did so. By providing evidence attempting to show that Appellees had conveyed or transferred Rolando's individual partnership interest into the Rolando Rafael Saenz Trust without Rolando's permission, Appellants indicated an understanding that the second element of their conversion action was being challenged. *See id.* (concluding the appellee's motion gave the appellant "fair notice" of appellee's no-evidence

challenge when the appellant responded thoroughly with evidence, "indicating his understanding of [the appellee's] motion").

We next consider whether Appellants provided more than a scintilla of evidence raising a genuine issue of material fact on the second element of Appellants' conversion action. In support of their claim, Appellants provided the Second Amended Certificate of Limited Partnership of Las Blancas Minerals, L.P. (the "Second Amended Certificate") from 1991. Appellants assert the purpose of the Second Amended Certificate was to effectuate a transfer of Rolando's individual partnership interest in Las Blancas Minerals, L.P. into the Rolando Rafael Saenz Trust. Among other provisions, the Second Amended Certificate provides the names of the partners and lists as a limited partner the Rolando Rafael Saenz Trust, with the words "successor in interest to Rolando R. Saenz" in parentheses below. Notably, however, nowhere within the Second Amended Certificate does it state that the purpose of the document is to effectuate a transfer of Rolando's individual partnership interest in Las Blancas Minerals, L.P. into the Rolando Rafael Saenz Trust, and the Second Amended Certificate does not state that it amends the listed partners. On the signatory page of the Second Amended Certificate, the trustee of the Rolando Rafael Saenz Trust signed on behalf of that trust. Appellants emphasize that Rolando's signature is missing from the Second Amended Certificate. However, contrary to this assertion, Rolando's signature is found on the signatory page of the Second Amended Certificate in his capacity as trustee of the Rolando Rafael Saenz Children's Trust.

This evidence is at best a mere scintilla of evidence to show that Appellees wrongfully exercised dominion and control over Rolando's property by transferring Rolando's individual partnership interest in Las Blancas Minerals, L.P. to the Rolando Rafael Saenz Trust without Rolando's consent. Viewing the evidence in the light most favorable to Appellants, the Second Amended Certificate merely lists the Rolando Rafael Saenz Trust as a limited partner and denotes

that trust as a successor in interest to Rolando Rafael Saenz. It does not purport to serve as a transfer instrument or an assignment of interests. Additionally, Rolando's signature, albeit in his capacity as trustee for his children's trust, is found on the complained-of document. We conclude Appellants' evidence is "so weak as to do no more than a create a mere surmise or suspicion" that Appellees exercised dominion and control over Rolando's individual partnership interest in Las Blancas Minerals, L.P. *See King Ranch, Inc.*, 118 S.W.3d at 751. Accordingly, the trial court properly entered summary judgment on Appellants' conversion claim.

### E. REQUEST FOR ACCOUNTING

Appellants' petition "request[ed] that the court order an equitable accounting to determine the extent of [Appellants'] losses." Thus, Appellants' petition sought an accounting "in the form of a remedy, not as a separate claim for relief." *Michael v. Dyke*, 41 S.W.3d 746, 754 (Tex. App.—Corpus Christi-Edinburg 2001, no pet.) (noting a request for an accounting "may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action" to determine the extent of the plaintiff's damages). Appellees moved for summary judgment on Appellants' request for an accounting, which the trial court granted. Appellants contend this was error.

"The issue of whether [Appellants were] entitled to an accounting cannot be reached unless [the trial court] first determined that [Appellants were] owed at least some damages." *Id.* at 755. Having already found the trial court properly granted summary judgment on Appellants' underlying causes of action, Appellants cannot show damages or any "losses." Accordingly, the trial court did not err in granting summary judgment on Appellants' request for an accounting. *Cf. id.* (reversing a summary judgment on a request for an accounting when summary judgment was not proper on the appellant's underlying causes of action).

## CONCLUSION

We hold the trial court properly entered summary judgment in favor of Appellees on all of Appellants' claims and requests for relief. Accordingly, the judgment of the trial court is affirmed.

Rebeca C. Martinez, Justice