Gilda **RICHARD**, et al., Appellants,

v.

**REYNOLDS METAL COMPANY,**
Appellee.

No. 13–01–704–CV.

Court of Appeals of Texas,
Corpus Christi Edinburg.

June 12, 2003.

Roxie Huffman Viator, Orange, for appellants.

Harry M. Johnson, David Craig Landin, Lori Elliot, Hunton & Williams, Richmond, R. Clay Hoblit, Chavez, Gonzales & Hoblit, Corpus Christi, for appellee.

Before Justices RODRIGUEZ, CASTILLO, and WITTIG.[1]

## OPINION

Opinion by Justice WITTIG.

This is a wrongful death and survival action by the widow Gilda Richard and her minor daughter, Kayla Richard, appellants. Their claims against Reynolds Metals Company, appellee, were denied by

summary judgment granted in June 2001. Appellants complain of multiple substantive and procedural matters including discovery issues, inadequate discovery responses by appellee, improper use of a no-evidence motion for summary judgment, granting summary judgment on grounds not urged, and abuse of discretion in refusing appellants' second motion for continuance. We reverse and remand.

### I

Appellants' summary judgment motion was argued variously under both the traditional and no-evidence standards. A "traditional" or senior rule summary judgment is proper only when the movant establishes there is no genuine issue of material fact and it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). A trial court properly grants summary judgment in favor of a defendant if that party conclusively establishes all elements of an affirmative defense, or conclusively negates at least one element of the plaintiff's claim. *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997). Appellee was required to establish that no genuine issue of material fact existed and that judgment should be granted as a matter of law. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985).

In a "no-evidence" summary judgment, a party is entitled to summary judgment if there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX.R. CIV. P. 166a(i). In reviewing a no-evidence summary judgment, we apply the same legal sufficiency standard as a directed verdict. *Lampasas v. Spring Ctr., Inc.*, 988 S.W.2d

---

1. Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

428, 432 (Tex.App.-Houston [14th Dist.] 1999, no pet.); *Chapman v. King Ranch, Inc.*, 41 S.W.3d 693, 698 (Tex.App.-Corpus Christi 2001, pet. filed). A no-evidence summary judgment is proper if the respondent fails to bring forth more than a scintilla of probative evidence in support of one or more essential elements of a claim. TEX.R. CIV. P. 166a(i). Where a summary judgment motion does not unambiguously state that it is filed under rule 166a(i) and does not strictly comply with the requirements of that rule, it will be construed as a traditional summary judgment motion. *Michael v. Dyke*, 41 S.W.3d 746, 750 (Tex. App.-Corpus Christi 2001, no pet.).

We review the trial court's granting of a motion for summary judgment *de novo. Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994); *Tex. Commerce Bank–Rio Grande Valley v. Correa*, 28 S.W.3d 723, 726 (Tex.App.-Corpus Christi 2000, pet. denied). When reviewing a summary judgment under either standard, we view the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995); *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 834 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

## II

As is too often the case, we are faced with troubling procedural problems with appellee's second motion for summary judgment. First, it does not address all of appellants' claims. Second, a verified request for additional time was denied, even though appellant was not given the requisite twenty-one days notice under rule

166a(c) and discovery was incomplete. TEX.R. CIV. P. 166a(c). And third, appellee's motion does not comply with the rules of civil procedure for a no-evidence motion for summary judgment. TEX.R. CIV. P. 166a(i).

Appellee filed its original motion for summary judgment on the basis that asbestos did not cause the decedent's death, the affirmative defense of limitations, the affirmative defense of the Worker's Compensation exclusive remedies provision, TEX. LAB.CODE. ANN. § 408.001(a) (Vernon 1996), and the assertion that no act or omission of appellee caused Mr. Richard's injuries. The motion attached a considerable array of documents and proof. This first motion was apparently denied by the trial court. Two months later, appellee filed a supplemental memorandum in support of its motion for summary judgment. The second motion for summary judgment noted that additional information and documents had come to light that supported its motion and again attached considerable proof. This motion was filed May 16, 2001 and served by fax on appellants' attorney. The hearing was set June 6, 2001, and was clearly not "filed and served at least twenty-one days before the time specified for hearing." TEX.R. CIV P. 166a(c). Nor was appellant given the additional three days prescribed by rule of civil procedure 21a applicable to facsimile filings. TEX.R. CIV. P. 21a.

## III

After appellee's unsuccessful first motion for summary judgment, appellants amended their petition[2] to add new distinct claims. These new assertions included claims for strict liability, premises lia-

---

**2.** Plaintiffs' second amended petition was apparently filed about April 27, 2001. We are hampered in ascertaining the actual filing date of these documents with the district clerk, because there is neither a file stamp mark nor other electronic indicia of the date or time of filing.

bility (when the deceased worked at the plant in a third party employee status) and intentional torts. While the last allegation concerning intentional torts was obliquely referenced in appellee's motion, the motion does not address the several strict liability theories, the premises claims, or unsafe workplace claims.[3]

■ Unaddressed issues or elements cannot be a basis for summary judgment. *Chessher v. Southwestern Bell Tel.*, 658 S.W.2d 563, 564 (Tex.1983) (defense to only one of four causes of action addressed in summary judgment motion); *Uribe v. Houston Gen. Ins. Co.*, 849 S.W.2d 447, 450–51 (Tex.App.-San Antonio 1993, no writ) (separate, distinct, and unaddressed counterclaim); *Dillard v. NCNB Tex. Nat'l Bank*, 815 S.W.2d 356, 358 (Tex. App.-Austin 1991, no writ) (unaddressed counterclaim), *overruled on other grounds, Amberboy v. Societe de Banque Privee*, 831 S.W.2d 793, 797 (Tex.1992); *Hodde v. Young*, 672 S.W.2d 45, 47 (Tex.App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.). We hold appellee's first supplemental motion fails because the amended pleading raised separate, distinct and unaddressed issues and elements. *See Chessher*, 658 S.W.2d at 564. We sustain appellants' issue on all claims not specifically named in Reynolds' second motion for summary judgment. This list includes all strict liability theories, intentional injury theories and premises or unsafe work place theories.

### IV

■ Appellants argue that Reynolds' second motion for summary judgment should be treated as a traditional motion under Tex.R. Civ. P. 166a(c). Reynolds' motion was largely predicated on its own evidence, intertwining the issues and not in compliance with rule 166a(i). Tex.R. Civ. P. 166a(i). We agree. We discussed in *Michael v. Dyke*, 41 S.W.3d 746 (Tex.App.-Corpus Christi 2001, no pet.), that where a summary judgment motion does not unambiguously state that it is filed under rule 166a(i) and does not strictly comply with the requirements of that rule, it will be construed as a traditional summary judgment motion. *See id.* at 750. In its second summary judgment motion "Introduction," Reynolds does initially discuss a no-evidence motion. However, its argument, in order, addresses: (1) the workers compensation bar; (2) no wrongful death action; (3) no known cause for sarcoidosis; (4) election of remedies; (5) settlement bars recovery; and (6) limitations. The motion fails to delineate elements on which appellants have the burden of proof. Instead, the motion serpentines its way through predominately affirmative defenses, various expert testimony and other proofs, mixed with an occasional argument, which, if properly addressed, could be grounds for a no-evidence summary judgment. Tex.R. Civ. P. 166a(i). As we noted in *Michael*, we agree with our sister courts that hold "the better practice is either to file two separate motions, one containing the no evidence summary judgment and one containing the ordinary summary judgment, or to file one document containing both motions but with the arguments and authorities for each clearly delineated and separate from one another." *Michael*, 41 S.W.3d at 751. When it is not readily apparent to the trial court that summary judgment is sought under rule 166(a)(i), the court should presume that it is filed under the traditional summary judgment rule and analyze it according to those well-recognized standards. *Id.* An order grant-

---

**3.** We recognize that if appellee were successful in its election-of-remedies affirmative defense, certain intentional tort claims would fail. However, the motion does not address the intentional torts, if any, directed at the deceased in his non-employee status.

ing summary judgment should clarify whether the motion is granted on no-evidence grounds or traditional. *Id.*

Perhaps we need once again to reiterate the standards for a no-evidence motion. We delineated the requirements of a no evidence motion for summary judgment in *Oasis Oil Corp. v. Koch Ref. Co. L.P.*, 60 S.W.3d 248, 252 (Tex.App.-Corpus Christi 2001, pet. denied). There we noted:

1. the no-evidence motion can only be brought against "a claim or defense on which an adverse party would have the burden of proof at trial," Tex.R. Civ. P. 166a(i);

2. "the motion must state the elements as to which there is no evidence," *Id.;*

3. "the motion must be specific in challenging the evidentiary support for an element of a claim," *I d.* 166a cmt.;

4. "paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case," *Id.;*

5. "its response need only point out evidence that raises a fact issue on the challenged elements," *Id.;* and

6. "the respondent is not required to marshal its proof." *Id.*

*Id.* at 252.

Because Reynolds failed to comply with rule 166a(i), we treat its motion as a traditional motion for summary judgment. *See* Tex.R. Civ. 166(a)(c); *Michael,* 41 S.W.3d at 750. It is also crystalline that affirmative defenses must be raised under the traditional summary judgment rule. Tex.R. Civ. P. 166a(c). This is true because a no-evidence motion is only proper against an element of an adverse party's claims or defenses for which the opposing party has the burden of proof at trial. Tex.R. Civ. P. 166a(i). Appellants' issue is sustained.

V

In its brief to us, appellee lumps most of its claimed affirmative defenses together. We do likewise. Appellee argues: "Plaintiff's survival and wrongful death claims also were properly dismissed based on the law of release and the election of remedies doctrine or res judicata." This portion of Reynolds' motion centers around a 1987 workers compensation claim by the deceased, averring exposure to toxic substances resulting in injury to his lungs and body generally. Reynolds argues from *Grimes v. Andrews,* 997 S.W.2d 877, 881 (Tex.App.-Waco 1999, no pet.). There, the court held that a release surrenders legal rights or obligations between the parties to an agreement, operates to extinguish a party's claim or claims as effectively as would a prior judgment between the parties, is a bar to any right of action on the released matter and is a contract subject to the same rules that govern contract construction. *Id.* We agree. However our record and the *Grimes* record are inapposite. In *Grimes,* the court quoted at length from the settlement agreement:

Defendant, R. (ROBERT) A. GRIMES, agrees to accept the sum of THIRTY THOUSAND AND NO/100 DOLLARS ($30,000) in full settlement, compromise, and acquittance of all the issues involved in the above-entitled and numbered cause, including all claims and demands, actions and causes of action for compensation pursuant to the provisions of the Workers' Compensation Law of the State of Texas growing out of, or connected in any way with, an accident alleged to have occurred in Collin County, Texas, on or about July 16, 1989, when the said Defendant, R. (ROBERT) A. GRIMES, claims to have been in the course of employment for GTE Southwest, Inc. (hereinafter referred to as

"GTE Southwest, Inc." or "Employer") which employer is alleged to have been a subscriber to the Worker's Compensation Law of the State of Texas and carried a policy of such insurance with the Plaintiff, LUMBERMENS MUTUAL CASUALTY COMPANY, herein, and from any and all claims for compensation in connection with the claim filed by Defendant, R. (ROBERT) A. GRIMES, before the Texas Workers' Compensation Commission in 89–178042–WA and styled as "R. (Robert) A. Grimes," and from any and all claims, demands, actions, and causes of action of whatever kind or character as set forth and alleged....

*Id.* at 882–83.

Contrary to Reynolds' position, the court went on to hold that the settlement agreement did not act to release Grimes' wrongful termination and discrimination claims against GTE. *Id.* at 884.

Even in response to our specific inquiry to counsel about the location of any release language in the record, none was furnished. While the front of a workers compensation settlement form is before us, the pertinent release language is patently missing—perhaps located on the rear of the form-which is conspicuous by its absence. And the matter is further complicated by Reynolds' judicial admission found in its first motion for summary judgment. There Reynolds states it is unclear what happened to the claim, but on "information and belief" the claim was settled or abandoned by Mr. Richard. And in any event, the claim, according to Reynolds' own pleadings, was one for sarcoidosis, not

asbestosis, silicosis, or cancer due to other toxins. As in *Grimes,* we hold that Reynolds has not proven, as a matter of law, appellants' claims were released or precluded by res judicata. *See Grimes,* 997 S.W.2d at 884. For the same reasons, Reynolds' proof fails to establish Mr. Richard actually made an election of remedies.[4]

■ Turning to Reynolds' argument on limitations, appellants assert Reynolds once again has not met its burden. A defendant moving for summary judgment on the affirmative defense of limitations must prove conclusively the elements of that defense. *Velsicol Chem. Corp. v. Winograd,* 956 S.W.2d 529, 530 (Tex.1997). Reynolds' only proof came from the widow's deposition that the deceased told her, prior to 1990, that he thought asbestos made him sick. Such unscientific testimony is no evidence under many supreme court holdings. *See, e.g., Pustejovsky v. Rapid–American Corp.,* 35 S.W.3d 643, 645–46 (Tex.2000); *Merrell Dow Pharm. v. Havner,* 953 S.W.2d 706, 711 (Tex.1996). And, once again, Reynolds' motion does not address pancreatic, gastrointestinal and liver cancers, aluminum lung, silicosis, or other alleged injuries.[5] We sustain appellants' issue on limitations.

■ Finally, applying the traditional summary judgment standard to appellees' assertions of no wrongful death action and no known cause of scarodosis, these defenses also fail. *See* TEX.R. CIV. P. 166a(c). The applicable standard of review is whether Reynolds, as the summary-judgment movant, established that there is no genuine issue of material fact and that it is

---

4. Were this a trial on the merits, we could say there is some evidence of an election of remedies on the sarcoidosis claim, but that would still leave no evidence of election of remedies on the several other independent claims asserted.

5. Nor does appellee inform either the trial court or us, which, if any, of the minor's claims it argues are barred. We also note the absence of an attorney ad litem to protect the interests of the minor, if there exists any potential conflict with the widow's claims.

entitled to judgment as a matter of law on the grounds it set forth in its motion. *Pustejovsky,* 35 S.W.3d at 645–46. Reynolds points to medical testimony that Mr. Richard died from liver or pancreatic cancer, not asbestosis or sarcoidosis. Further, sarcoidosis is idiopathic and therefore appellants have no cause of death. Appellants counter that asbestosis and silicosis are distinct diseases. Mr. Richard may have had, or probably had, up to four separate and distinct work-related diseases at the time of his death: (1) sarcoidosis, the subject of the prior claim, was diagnosed by biopsy in 1980; (2) asbestosis was diagnosed post-mortem by Dr. Alford; (3) silicosis may have been present; and (4) cancer undoubtedly existed and well could have been caused by alleged exposure to toxins. The death certificate indicated cardiopulmonary arrest secondary to cancer with liver involvement. Mr. Richard was fifty when he died.

When reviewing a summary judgment under either standard, we view the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *Randall's Food Mkts., Inc.,* 891 S.W.2d at 644. With its rambling, shotgun motion, Reynolds cannot demonstrate there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Pustejovsky,* 35 S.W.3d at 645–46; *Nixon,* 690 S.W.2d at 548.[6] Reynolds' summary judgment proof does not establish it did not proximately cause the injuries and death. Even assuming there was no evidence of a sarcoidosis-caused death, Reynolds still

does not negate its known toxins as a cause of death or injury to the deceased. Appellants' issue is sustained.

## VI

In conclusion, we need not address the trial court's denial of appellants' second motion for continuance. We have already noted that appellant was not given the required notice of the second motion for summary judgment. And we would observe that when presented with a proper motion to compel, appellee should be ordered to file sworn answers to discovery as required by the rules. TEX.R. CIV. P. 197.2(d).

The judgment of the trial court is reversed and remanded.

---

6. We are not unsympathetic to the trial court faced with such a plethora of claims. Perhaps after special exceptions were dealt with, the case could be better sorted. It is difficult to imagine that the 1980 sarcoidosis diagnosis would not be the subject of a proper motion for summary judgment. Indeed, a *specific* no-evidence motion properly challenging an

*essential element* of a claim of the other party would then shift the burden to the party with the burden of proof at trial. *See Lampasas,* 988 S.W.2d at 432. However, the summary judgment burden for a party moving on its own *affirmative defense* will virtually always fall on the movant, not the respondent.