FILED
*November 12, 2015*
Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-15-00374-CV
7783219
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/11/2015 2:02:53 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00374-CV

# In the
# Third Court of Appeals
# Austin, Texas

_____

JAMAR OSBORNE,

APPELLANT,

V.

WARREN KENNETH PAXTON,

APPELLEE.

_____

On Appeal from the 250th District Court,
Travis County, Texas (No. D-1-GN-14-004694)
The Hon. Stephen Yelenosky, Presiding

_____

**BRIEF FOR APPELLEE**

_____

Kevin J. Terrazas
State Bar No. 24060708
Julie A. Springer
State Bar No. 18966770
WEISBART SPRINGER HAYES LLP
212 Lavaca Street, Suite 200
Austin, Texas 78701
[Tel.] (512) 652-5780
[Fax] (512) 682-2074

ATTORNEYS FOR APPELLEE

# TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES ...............................................................ii

STATEMENT REGARDING ORAL ARGUMENT .................................................iv

INTRODUCTION ........................................................................ 1

STATEMENT OF FACTS ................................................................. 2

SUMMARY OF THE ARGUMENT ........................................................... 4

ARGUMENT .......................................................................... 5

I.   SEPARATION OF POWERS DOES NOT PROHIBIT A LICENSED
     ATTORNEY FROM SERVING AS ATTORNEY GENERAL. ................................... 5

     A.   The Texas Supreme Court Has Already Determined
          That the Judicial Nature of the Office of Attorney
          General Does Not Violate Separation of Powers. ................... 5

     B.   Appellant's Requested Relief Would Have Far-Reaching
          and Detrimental Consequences at the Highest Levels of
          Texas Government. ............................................... 9

II.  THERE WERE NO FACT ISSUES PRECLUDING SUMMARY
     JUDGMENT. ..................................................................... 10

III. APPELLANT'S OTHER ARGUMENTS ARE UNAVAILING AND HAVE
     BEEN WAIVED. .................................................................. 11

PRAYER............................................................................. 13

CERTIFICATE OF COMPLIANCE ......................................................... 14

CERTIFICATE OF SERVICE ............................................................ 15

i

# INDEX OF AUTHORITIES

**CASES**                                                                 **PAGE(S)**

*Brady v. Brooks*,
    89 S.W. 1052 (Tex. 1905) ............................................................. 5, 6

*Medrano v. Texas*,
    421 S.W.3d 869 (Tex. App.—Dallas 2014, pet. denied) .............. 6, 7

*Moody v. Baum*,
    452 S.W.2d 699 (Tex. 1970) ............................................................. 9

*Osborne v. Beacon Hill Staffing Group*,
    2014 U.S. Dist. LEXIS 60725 (N.D. Tex. Apr. 14, 2014) ................ 2

*Osborne v. State of Texas, et al.*,
    2013 U.S. Dist. LEXIS 145044 (W.D. Tex. Oct. 7, 2013) ................ 2

*Poole v. U.S. Life Title Ins. Co.*,
    1975 Tex. App. LEXIS 3334 (Tex. Civ. App.—Waco
    Nov. 1, 1975, no writ) ..................................................................... 11

*Richard v. Reynolds Metal Co.*,
    108 S.W.3d 908 (Tex. App.—Corpus Christi 2003, no pet.) .......... 12

*Southwestern Fire & Casualty Co. v. Larue*,
    367 S.W.2d 162 (Tex. 1963) ........................................................... 11

*Stiles v. Resolution Trust Corp.*,
    867 S.W.2d 24 (Tex. 1993) ............................................................. 12

*Tenneco, Inc. v. Enterprise Prods. Co.*,
    925 S.W.2d 640 (Tex. 1996) ........................................................... 12

*Willis v. Potts*,
    377 S.W.2d 622 (Tex. 1964) ............................................................. 9

**STATUTES**

TEX. GOV'T CODE § 81.101 ..................................................................... 7

TEX. CONST. ART. II ............................................................................... 5

TEX. CONST. ART. IV ............................................................................. 7

**OTHER AUTHORITIES**

http://ballotpedia.org/Texas_Attorney_General_election,_2014 ............. 3

Statistical Profile of the State Bar of Texas Membership, *available at*
https://www.texasbar.com/AM/Template.cfm?Section=Demographi
c_and_Economic_Trends&Template=/CM/ContentDisplay.cfm&Co
ntentID=30865. ............................................................................... 8

## STATEMENT REGARDING ORAL ARGUMENT

This case involves a straightforward legal question of whether a licensed attorney can serve as an elected officer other than in the Judiciary Department as has been done for decades in Texas and throughout the country. This issue has already been effectively decided by the Texas Supreme Court and oral argument is unlikely to assist the Court in deciding the merits. Therefore, Appellee respectfully requests that the Court decide this appeal without oral argument. However, if the Court should require oral argument, Appellee requests that he be given an opportunity to participate.

Jamar Osborne, the Green Party Candidate for Attorney General in 2014, filed suit against the election winner, Attorney General Kenneth Paxton based on the novel theory that a licensed attorney can serve in the Judiciary—but not in any other branch of government—without violating the separation of powers doctrine. Ironically, had Mr. Osborne passed the bar, he agrees that his own argument would prevent him from serving as Attorney General.

After losing two summary judgments in which he was given a full opportunity to present his case,[1] Mr. Osborne has appealed primarily based on incorrect assertions that a general denial precludes a party from seeking summary judgment and that the district court decided a no-evidence motion for summary judgment. Of course, General Paxton's summary judgment motions were of the traditional variety and were based on the legal premise that nothing in the Texas Constitution, statutes, or common law prevents an attorney from serving in the Executive Department (or in the Legislature).

Perhaps in an attempt to avoid having to directly respond to General Paxton's motions below, Mr. Osborne went on a rampage—besmirching counsel, the Travis County District Court judges, and the judiciary in the rest of the state. If Mr. Osborne had passed the bar, his

---

[1] Mr. Osborne did not appear at the second summary judgment out of protest. CR 48.

1

conduct would have likely led to a disciplinary proceeding. That he did not does not excuse his conduct or create a basis for his suit.

The district court correctly and professionally explained to Mr. Osborne that he was not entitled to any relief. General Paxton respectfully requests that the Court uphold the district court's rulings and affirm its take-nothing judgment.

### STATEMENT OF FACTS

Appellant Jamar Osborne is a citizen of Texas who attended law school but failed to pass the bar. CR 4, 13; RR 17. Unhappy with those results, Osborne has since made it a practice of suing others on novel constitutional claims related to that examination. For example, Osborne recently filed suit against the State of Texas claiming that the bar exam is an unconstitutional restriction on his free speech. CR 13; *Osborne v. Texas*, 2013 U.S. Dist. LEXIS 145044 (W.D. Tex. Oct. 7, 2013). Osborne also sued a legal staffing agency when he was not hired for a job alleging that the bar admission requirement is unlawful and racially discriminatory. CR 14; *Osborne v. Beacon Hill Staffing Group*, 2014 U.S. Dist. LEXIS 60725 (N.D. Tex. Apr. 14, 2014). This case is another in the now-long line of Appellant's challenges to the Texas bar examination.

In contrast to Appellant, General Paxton is a long-time public servant who has paid his dues as a Texas State Senator and Representative since 2003 and who is a licensed attorney. CR 4, 14.

Choosing not to seek reelection as a state senator, General Paxton ran and was selected as the Republican nominee for the statewide race for Attorney General. CR 14. In the general election, General Paxton defeated Democratic Party candidate Sam Houston, Libertarian Party candidate Jaime Balagia, and Green Party candidate Appellant Osborne. *Id.* Paxton received nearly 59% of the popular vote compared to Appellant's 0.6%. *Id.* (citing http://ballotpedia.org/Texas_Attorney_ General_election,_2014).

Following his loss, and in keeping with his *modus operandi*, Appellant filed suit against General Paxton on November 12, 2014, solely for the reason that General Paxton passed the Texas bar exam and Osborne did not. CR 3. After answering, on December 22, 2014, General Paxton filed his first motion for summary judgment against all of the claims in Appellant's Original Petition. CR 13. While that motion was pending, Appellant served a supplemental petition and sought a temporary restraining order. CR 30-34. General Paxton's first motion for summary judgment was heard and granted on January 22, 2015. RR 1; CR 37.

General Paxton filed his second motion for summary judgment as to all claims in Appellant's supplemental petition on February 12, 2015. Mr. Osborne did not respond to General Paxton's motion and, despite knowledge of the hearing, did not attend the same. CR 48. The district

3

court granted General Paxton's second motion for summary judgment on March 12, 2015, rendering a take-nothing judgment.

Following the judgment, Mr. Osborne filed a "Motion for New Trial and for Appointment of Master in Chancery," explaining that "all judges who have presided over this action had a vested interest in siding with Defendant." CR 50. Appellant therefore sought to exclude all judges in Texas because "It is impossible for any member of the Texas Bar to be objective in handling Plaintiff's claims." *Id*. After the motion for new trial was denied, Appellant filed his notice of appeal.

## SUMMARY OF THE ARGUMENT

The practice of attorneys running for and being elected to Attorney General is a long-standing tradition in Texas—including Governor Abbott, who previously served as Attorney General. Nothing in the Texas Constitution or any statute has ever precluded a licensed attorney from serving in the Executive or Legislative Departments. In fact, to sustain Appellant's challenge would upend the entire structure of Texas Government as it now exists. Thankfully, the Texas Supreme Court has already decided this issue—holding that the Attorney General serving in a judicial capacity would not violate the separation of powers doctrine. And because a general denial does not preclude summary judgment when, as here, there are no material fact issues, the district court properly rendered a take-nothing judgment. Appellant's

4

other arguments are similarly without merit and, in any case, have been waived.

ARGUMENT

**I. SEPARATION OF POWERS DOES NOT PROHIBIT A LICENSED ATTORNEY FROM SERVING AS ATTORNEY GENERAL.**

**A. The Texas Supreme Court Has Already Determined That the Judicial Nature of the Office of Attorney General Does Not Violate Separation of Powers.**

Appellant's entire case is based on the erroneous conclusion that a licensed attorney in Texas cannot serve in the Executive Department solely because he/she passed the Texas bar examination. Appellant's argument rests on the incorrect application of the separation of powers doctrine found in Texas Constitution, Art. II § 1.[2] But the Texas Supreme Court has already addressed and rejected the contention that the Constitutional role of the Attorney General violates the separation of powers doctrine.

In facing a challenge to the role of the Attorney General, the Supreme Court in *Brady v. Brooks* recognized the judicial nature of the office:

> The duties imposed upon [the Attorney General] are both executive and judicial, that is, they are judicial in the sense, that he is to represent the state in some cases brought in the court. The very name imports, even in ordinary language,

---

[2] Article II § 1 provides, "no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted."

5

that he is the chief law officer of the state and is that in use in all common law statutes to designate such officer.

89 S.W. 1052, 1056 (Tex. 1905). The Court continued, "Section 22 of article 4 might appropriately have been placed in article 5, and we think it should be construed precisely as if it had been so placed." *Id.* If, as the Supreme Court has explained, the Constitutional provision related to the office of Attorney General—Article IV § 22—is to be construed as if placed in Article 5 (the Judiciary), then there is little question that it would be proper, albeit not required, for the Attorney General to be a licensed attorney.

The Fifth Court of Appeals, relying on *Brady v. Brooks*, also recently rejected a challenge related to the Attorney General's executive and judicial roles based on the separation of powers doctrine. *Medrano v. Texas*, 421 S.W.3d 869, 877-80 (Tex. App.—Dallas 2014, pet. denied). In *Medrano*, a challenge was brought by a suspended Justice of the Peace to his conviction of illegal voting because he claimed that the Texas Election Code Chapter 273 impermissibly vests the Attorney General with judicial authority, despite the Attorney General being part of the Executive Department. *Id.* at 877. In an analysis of precedent from the Texas Supreme Court and Court of Criminal Appeals, the Fifth Court held that the Attorney General's prosecution did not violate the separation of powers doctrine because "the legislature's enactment of chapter 273 does not delegate a power to one

6

branch that is more properly attached to another nor does it allow one branch to unduly interfere with another." *Id*. at 880.

These decisions make perfect sense. Texas Constitution Article IV, § 22 provides that "[t]he Attorney General shall represent the State in all suits and pleas in the Supreme Court of the State in which the State may be a party, and . . . from time to time, in the name of the State, take such action in the courts as may be proper and necessary . . . ." In addition, the Attorney General must "whenever sufficient cause exists, . . . give legal advice in writing to the Governor and other executive officers, when requested by them." *Id*. Since only a licensed attorney may give advice or render any service "requiring the use of legal skill or knowledge," TEX. GOV'T CODE § 81.101,[3] the Constitution at least suggests that the citizens of Texas have approved that the Attorney General could (and most likely should) be a licensed

---

[3] Section 81.101(a) of the Texas Government Code states:

> In this chapter the "practice of law" means the preparation of a pleading or other document incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in court as well as a service rendered out of court, including the giving of advice or the rendering of any service requiring the use of legal skill or knowledge, such as preparing a will, contract, or other instrument, the legal effect of which under the facts and conclusions involved must be carefully determined.

Section 81.102(a) of the Texas Government Code states who may practice law in Texas:

> Except as provided by Subsection (b), a person may not practice law in this state unless the person is a member of the state bar.

attorney.[4]  Put another way, although being a licensed attorney is not explicitly required by state law, it is definitely not prohibited.

Appellant's separation of powers argument finds its foundation in an erroneous premise—that a member of the bar automatically holds an office in the Judiciary of the state government.  Appellant Br. at 10.  Although it is true that licensed attorneys have been called officers of the court, that is far different from holding an elected office in the Judiciary.  Indeed, to accept Appellant's argument would suggest that the over 86,000 active attorneys in the state each holds a government office—the vast majority of which without any duties, responsibilities, or compensation.  *See* Statistical Profile of the State Bar of Texas Membership, *available at* https://www.texasbar.com/AM/Template.cfm? Section=Demographic_and_Economic_Trends&Template=/CM/Content Display.cfm&ContentID=30865.  That simply is not the case.  An attorney, while an officer of the court, does not hold office in the government simply by being licensed.  The corollary also is true—an elected official does not hold a non-elective office (and is not otherwise employed by the Judiciary) simply by being a licensed attorney.

Appellant also is incorrect that paying bar dues would violate separation of powers.  Appellant Br. at 11-12.  Bar dues are not taxes and the Judiciary does not exercise authority over a licensed

---

[4] While not at issue in this proceeding, as a non-licensed attorney, such language could arguably prevent Appellant from serving as Attorney General because ethically he would not be able to fulfill the constitutional requirements of the office.

8

practitioner through bar dues.[5]  Regardless, the harshest recourse for failure to pay bar dues is the suspension or revocation of the attorney's license—something that is not statutorily required to hold the office of Attorney General.  Therefore, there would be no way for the State Bar to exercise authority over the Attorney General's office simply due to the requirement to pay a bar due.

The Texas Supreme Court has explicitly stated that "constitutional and statutory provisions which restrict the right to hold public office 'should be strictly construed against ineligibility.'" *Moody v. Baum*, 452 S.W.2d 699, 702 (Tex. 1970) (quoting *Willis v. Potts*, 377 S.W.2d 622, 623 (Tex. 1964)).  Here, there is no constitutional or statutory prohibition on a licensed attorney serving in the Executive Department, much less a provision that must be construed against ineligibility.

### B.  Appellant's Requested Relief Would Have Far-Reaching and Detrimental Consequences at the Highest Levels of Texas Government.

Not only are Appellant's claims unsupported by law, if accepted, they would have far reaching and detrimental consequences.  What Appellant seeks here is to be sworn in as Attorney General of Texas, having received only 0.6% of the popular vote as the Green Party candidate.  But what Appellant seeks is actually much more; he seeks

---

[5] The State Bar does "tax" attorneys through the Attorney Occupation Tax, but as a government employee, the Attorney General is exempted from this tax.

to upend the entire electoral scheme and current government in one fail swoop. If Appellant is successful, Governor Abbott (a licensed attorney) would also be at risk to resign. Indeed, Appellant's argument suggests that the only elected offices that a licensed attorney could fill would be in the Judiciary Department—meaning all licensed attorneys who currently serve as state legislators or senators are violating the Constitution. Practically, Appellant's argument could not possibly be correct. Ironically, had Appellant passed the bar as intended, his requested relief would prohibit even him from serving as Attorney General.

## II. THERE WERE NO FACT ISSUES PRECLUDING SUMMARY JUDGMENT.

Appellant's first and primary argument is that summary judgment was improper because General Paxton filed a general denial. Appellant Br. at 4. But as the district court explained to Mr. Osborne at the first summary judgment hearing, "for the sake of summary judgment, the Court has to assume that your facts are true. And in fact, their motion does assume that your facts are true. So that's sort of Law 101." RR 19. The only important fact in this case is whether General Paxton passed the bar. *See* RR 20 ("The fact that's important to your argument is that Mr. Paxton is a licensed attorney. You are alleging that he's a licensed attorney and because he is, he cannot hold the office of attorney general. Those are the facts. They're agreeing.").

10

The filing of a general denial (along with an affirmative defense that Mr. Osborne's petition fails to state a claim for which relief can be granted, CR 10-11) does not create a fact issue that would prevent summary judgment.[6]

## III. APPELLANT'S OTHER ARGUMENTS ARE UNAVAILING AND HAVE BEEN WAIVED.

Mr. Osborne other arguments—that the district court decided a no-evidence motion for summary judgment and that Mr. Osborne has a property right in the office of Attorney General—also are unavailing and, regardless, have been waived.

First, despite devoting nearly a quarter of his brief to the issue, there is no support for Appellant's contention that General Paxton filed a no-evidence motion for summary judgment. Indeed, nowhere in the record are the words "no evidence." Instead, Mr. Osborne repeatedly asserted below that General Paxton's motion was a traditional motion for summary judgment. CR 27 ("When a defendant moves for traditional summary judgment"); CR 48 (same); CR 26 (describing General Paxton's motion as a "Tex. R. Civ. P. 166A" motion); CR 48 (providing standard for traditional motion for summary judgment).

---

[6] Mr. Osborne's case law support does not say otherwise. In fact, in his primary case on this point, *Southwestern Fire & Casualty Co. v. Larue*, summary judgment was affirmed despite a general denial. 367 S.W.2d 162, 163 (Tex. 1963). Also, *Poole v. U.S. Life Title Ins. Co.*, did not reverse the grant of summary judgment because a general denial was filed but because material fact questions existed as shown by the evidence. 1975 Tex. App. LEXIS 3334, *8-10 (Tex. Civ. App.—Waco Nov. 1, 1975, no writ).

11

Moreover, "Where a summary judgment motion does not unambiguously state that it is filed under rule 166a(i) and does not strictly comply with the requirements of that rule, it will be construed as a traditional summary judgment motion." *Richard v. Reynolds Metal Co.*, 108 S.W.3d 908, 910 (Tex. App.—Corpus Christi 2003, no pet.). There is no question that General Paxton's motions were of the traditional variety. In addition, Mr. Osborne waived this issue by failing to raise it below.[7]

Second, Mr. Osborne does not have a property right in an office to which he was never elected. A candidate receiving 0.6% of the vote is hardly the "lawful owner" of the office. Appellant Br. at 15. Regardless, again, Mr. Osborne failed to raise this issue in the district court and is thus precluded from raising it here. *See Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993) ("The effect of the 1971 and 1978 changes . . . is to unequivocally restrict the trial court's ruling to issues raised in the motion, response, and any subsequent replies . . . . [W]e believe that the reasons for the rule in the trial court apply equally in the appellate court . . . .").

---

[7] Similarly, to the extent the Court may determine that Appellant raises any issue as to the failure of the district court to order discovery, that issue was waived when Appellant failed to file a verified motion for continuance. *See Tenneco, Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996) ("When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance.").

**PRAYER**

General Paxton has rightfully been elected by the people to serve as Attorney General of Texas. The fact that he is a licensed attorney does not prevent him from effectuating the people's will under either the Constitution or State law. General Paxton, therefore, respectfully asks the Court to affirm the take-nothing judgment of the district court.

Respectfully submitted,

By: /s/ Kevin J. Terrazas
Kevin J. Terrazas
kterrazas@wshllp.com
Julie A. Springer
jspringer@wshllp.com
WEISBART SPRINGER HAYES LLP
212 Lavaca Street, Suite 200
Austin, Texas 78701
[Tel.] (512) 652-5780
[Fax] (512) 682-2074

**ATTORNEYS FOR APPELLEE**

CERTIFICATE OF COMPLIANCE

I certify that:

1.   This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 9.4(i)(2)(B) because it contains 3,033 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 9.4(i)(1).

                                        /s/ Kevin J. Terrazas
                                        Kevin J. Terrazas

## CERTIFICATE OF SERVICE

I certify that this Brief of Appellee was filed with the Court by electronic format, on the 11th day of November, 2015, and a copy of the Brief was served on Appellant, as listed below on the same date:


Jamar Osborne
P.O. Box 195226
Dallas, TX  75219

**APPELLANT**


                              /s/ Kevin J. Terrazas
                              Kevin J. Terrazas